

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~
ATTORNEY GENERAL

Mr. Leon Kotosky
Assistant County Attorney
El Paso, Texas

Dear Sir:

Opinion No. 0-1065
Re: Costs to be charged persons who
desire to make delayed registra-
tions of births and deaths under
House Bill No. 614, enacted by
the Forty-sixth Legislature.

We are in receipt of your letter of June 27, 1939, in which
you request an opinion on the following question in connection with
the proper administration of House Bill No. 614 of the Forty-sixth
Legislature:

"Should any costs be charged persons who desire to
have such delayed registrations, that is, is the County
Judge entitled to any fee, or the County Clerk, in con-
nection with the performance of their duties as such?"

Section 2 of H. B. No. 614 of the Forty-sixth Legislature
amends Section 18, ch. 41, Acts of the Fortieth Legislature, First Called
Session, Article 4477, Vernon's Annotated Civil Statutes (Rule 51a of
the Sanitary Code) by adding the following provision:

"And provided further, that any citizen of the State
of Texas wishing to file the record of any birth or death,
not previously registered, may submit to the Probate Court
in the county where the birth or death occurred, a record
of that birth or death written on the adopted forms of
birth and death certificates. The certificate shall be
substantiated by the affidavit of the medical attendant
present at the time of the birth, or in case of death,
the affidavit of the physician last in attendance upon the
deceased, or the undertaker who buried the body. When the
affidavit of the medical attendant or undertaker cannot be
secured, the certificate shall be supported by the affidavit
of some person who was acquainted with the facts surrounding
the birth or death, at the time the birth or death occurred,
with a second affidavit of some person who is acquainted
with the facts surrounding the birth or death, and who is
not related to the individual by blood or marriage. The
Probate Court shall require such other information or

evidence as may be deemed necessary to establish the citizenship of the individual filing the certificate, and the truthfulness of the statements made in that record. The clerk of the said Court shall forward the certificate to the State Bureau of Vital Statistics with an order from the Court to the State Registrar that the record be, or be not, accepted. The State Registrar is authorized to accept the certificate when verified in the above manner, and shall issue certified copies of such records as provided for in Section 21 of this Act. Such certified copies shall be priama facie evidence, in all Courts and places of the facts stated thereon. The State Bureau of Vital Statistics shall furnish the forms upon which such records are filed, and no other form shall be used for that purpose." (Underscoring ours).

Although the above quoted amendment to Section 18 of the Sanitary Code calls for a Probate Court Order in the matter of delayed or belated registrations of births and deaths, and also the forwarding of the filed certificate and court order by the County Clerk to the State Bureau of Vital Statistics, it does not make any provision concerning the fees to be charged by the County Judge and the County Clerk for the performance of such prescribed duties.

The statutes of the State of Texas prescribe the amounts of the fees which various public officers are required to charge the public for their services. Articles 3913-3946 and amendment R.C.S. of Texas, 1925.

Articles 3925 and 3926, as amended, Vernon's Annotated Civil Statutes, enumerate the fees of a County Judge. The fees to be charged by a County Clerk for the services which he renders the public are set out in Article 3930, Article 3931 and Article 3932, as amended, Vernon's Annotated Civil Statutes.

While the provisions in Section 18 of the Sanitary Code, above quoted, applying to delayed registrations of births and deaths, do not stipulate the fees collectable by a County Judge for entering an order or by the County Clerk forwarding the certificate and order to the State Bureau of Vital Statistics, still there is no prohibition against the charging of fees in these instances.

Article 3925, Revised Civil Statutes, stipulates that the County Judge in probate matters shall receive the fee of Fifty ($.50) Cents for --

"each order, not otherwise provided for".

The order of the Probate Court passing upon the certificate of birth or death is clearly an --

"order, not otherwise provided for",

and in the absence of express statutory designation of a fee or the prohibition of collecting a fee, the sum of Fifty ($ .50) Cents for entering such an order is the proper amount to be charged the recipient of the service.

As for the County Clerk, Article 3930, supra, provides that he receive the fee of Fifty ($ .50) Cents for --

"each certificate to any fact or facts contained in the records of his office, with certificate and seal, where not otherwise provided for." (Underscoring ours).

Since the prescribed duties imposed upon the County Clerk to the effect that "he shall forward the certificate to the State Bureau of Vital Statistics with an order from the court to the State Registrar that the order be, or be not, accepted" is not otherwise provided for in respect to a proper fee for same, the above quoted portion of Article 3930 governs, and the County Clerk is legally authorized to charge a fee of Fifty ($ .50) Cents for forwarding the certificate and order to the Bureau of Vital Statistics.

In conclusion we repeat that it is our opinion that the County Judge and the County Clerk are entitled to fees for rendering the services provided for under Section 2 of H. B. No. 614, passed by the Forty-sixth Legislature, amending Section 18 of Article 4477, Vernon's Annotated Civil Statutes, and that Articles 3925 and 3930 of Revised Civil Statutes, are governing, and that the County Judge and County Clerk shall each receive the fee of Fifty ($ .50) Cents in return for the respective services of entering the order and certifying same to the Bureau of Vital Statistics.

Trusting that we have fully answered the inquiry contained in your letter, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Dick Stout
Dick Stout

DS:ob:wc

APPROVED JULY 31, 1939
s/W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By RWF Chairman